Reese, J.
delivered the opinion of the court.
This is an indictment for perjury, alleged to have been committed by the plaintiff in error, in a suit in which Geo. McLarin was plaintiff, and one McIntyre was defendant. .It was an action for slander, to recover damages for the speaking of words by McIntyre, imputing the crime of hog-stealing to George McLarin, The issues were taken upon the pleas of not guilty *382 and justification. And on the trial the plaintiff, to sustain his general character, called one Milton, who stated, that some spoke well of plaintiff, and some spoke ill of him. And being enquired of by the plaintiff, as to who spoke ill of him, he said James M. McLarin or Reuben McLarin, brothers of plaintiff, he did not recollect which; his impression was James M. Mc-Larin had told him, some seven years before, that his brother George kept two half bushels of unequal size, the small one at his thrasher, and the other one elsewhere to take toll by. Plaintiff then called James M. McLarin, who said, he did not recollect having made the statement set forth by Milton, to him; and being called back, he said he had not made it to Milton, or to any one else. Upon this the perjury is assigned. The testimony was not prima facie, and with reference to the issues at large between the parties, material; it became so in the progress of the trial, and in the order and deraingment of proof, which the plaintiff, and the plaintiff only, had a right to adopt. The defendant in that action would have had no right to have proved particular instances of misconduct, other than the defamatory words involved, as having occurred in fact, or as having been imputed. But the plaintiff, himself, on the ground of the plea of justification, had a right to prove a general good character; and when his witness, Milton, said, some spoke ill of him, he had a right, perhaps, to enquire, particularly as it was not objected--to, who those persons were, and what they said. And when Milton gave the statement above named, he had a right, not indeed to attack the general credit of Milton, but to show, that he was mistaken, and had not recollected the matter correctly. In this progressive mode only, and on the side of the plaintiff, did the testimony in question spring up into any thing, bearing the impress of materiality.' But its materiality, incidental at most, is limited by the nature of the case, and the order of events, to the single enquiry, whether James M. McLarin made to Milton the statement in question; not whether that statement was true; not whether he had or had not made it to others. Milton in the first instance said, he did not remember whether the statement was made by Reuben or James M. McLarin; his impression was, James. James M-. *383 McLarin said, be did not recollect having made the statement to Milton. Afterwards, according to some, he said, he did not make it to him, or to others. Out of this difference of recollection as to a collateral matter has arisen this prosecution. On the trial of the indictment, Milton says, he is now satisfied that it was James M. McLarin who made the statement in question. There is no other proof to the point. The other witness, who said he heard James M. McLarin tell Milton, seven or eight years ago, that he, like his brother George, must not keep two half bushels, one at his thrasher, and the other at his mill, does not speak of the half bushels being of unequal size, and therefore his testimony is in favor of the defendant.
There was, then, before the jury a defect of proof on that point; this being an indictment for perjury. Moreover, there is no testimony in the record, that James M. McLarin was sworn on the trial of the case between George McLarin and McIntyre; and the bill of exceptions sets forth expressly, that all the testimony heard is exhibited.
Upon the grounds herein stated, we reverse the judgment, and award a new trial. '